IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 99-CR-0033-003-TCK |
| v. | ) | |
| | ) | USM Number: 08489-062 |
| KERMIT OTIS WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

  Before the Court is the motion of Defendant to reconsider his reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 744). Defendant was originally sentenced to a 240-month term of imprisonment based on a calculated guideline range of 292 to 365 months. Because Defendant was convicted of an offense that carried a statutory maximum term of twenty years, the guideline sentence was, pursuant to USSG §5G1.1(a), 240 months. In February 2008 Defendant moved for modification of sentence pursuant to § 3582(c), based on Amendment 706 (Doc. 698). The Court granted Defendant's motion, reducing his sentence to an imprisonment term of 235 months based on an Amendment 706-determined range of 235 to 240 months (Doc. 723). Defendant now moves for reconsideration of this reduction of sentence based on application of USSG §1B1.10(b)(2)(B), which provides that in a case where the original term of imprisonment is less than the term of imprisonment provided by the guideline range due to departure, a reduction comparably less than the amended guideline range may be appropriate. Defendant interprets the §1B1.10(b)(2)(B) exception to include a situation where, such as in his case, the original applicable guideline range exceeded the statutory maximum sentence, resulting in a term of imprisonment that was less than the term of imprisonment provided by the calculated guideline range. Defendant believes §1B1.10(b)(2)(B) authorizes the Court to impose a sentence less than the 235-month sentence that

was imposed upon modification of sentence. Defendant relies on <u>United States v. Jones</u>, 351 Fed. Appx. 256 (10th Cir. 2009) (remanded with instructions for the district court to exercise its discretion to further reduce sentence pursuant to §1B1.10(b)(2)(B)).

A guideline sentence based on a statutory penalty that is less than the minimum of the applicable guideline range is not a circumstance for which a sentence exception is contemplated under §1B1.10(b)(2)(B). In this case, the original applicable guideline range was not subsequently reduced. The sentence of 240 months was, pursuant to §5G1.1(a), the applicable advisory guideline sentence in the first instance. See <u>Unites States v. Benally</u>, 541 F.3d 990, 993 (10th Cir. 2008) (finding that pursuant to USSG §5G1.1(a), if a statutory maximum sentence is less than the minimum of the applicable guideline range, the statutory maximum sentence shall constitute the recommended sentence under the guidelines). The purpose of §1B1.10(b)(2)(B) is clear. This section offers a sentencing court the discretion to comparably reduce a sentence authorized under § 3582(c) below the amended range if the court previously reduced the applicable range by way of a departure. Because the original sentence was not the result of a departure, §1B1.10(b)(2)(B) is not applicable. See <u>United States v. McGee</u>, 553 F.3d 225, 228 (2nd Cir. 2009) ("In our view, the exception in U.S.S.G. § 1B1.10(b)(2)(B), understood along with the general rule, can be read as simply instructing that a defendant may not receive a departure below the amended guideline range, except that a defendant who received a departure at sentencing may receive a comparable departure – the one instance in which a reduced sentence can fall below the amended guideline range."). Further, consideration of the maximum statutory penalty in determination of a guideline range or sentence is unrelated to the purpose of §1B1.10(b)(2)(B). See <u>United States v. Williams</u>, 298 Fed. Appx. 708, 710 (10th Cir. 2008) (unpublished) (holding that USSG §1B1.10(b)(2)(B) does not

entitle a defendant to a reduction from his statutory-maximum sentence because the section does not address maters related to a statutory penalty).  Defendant's reliance on Jones is misplaced, because unlike this case, the original sentence in Jones was the result of a downward departure from the then applicable guideline range.  See Jones at 256 and n.1.

**IT IS THEREFORE ORDERED** that Defendant's motion to reconsider his reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 744), is **denied**.

**DATED** this 8th day of June, 2010.

**TERENCE KERN**
**United States District Judge**